IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Vs.                                           No. 91-10047-01-SAC

KEVIN LEWIS,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Kevin Lewis's pro se motion to reduce his sentence in accordance with 18 U.S.C. § 3582(c)(2). (Dk. 140). The defendant's filing is a three-page form pleading that consists of ten sections, but the defendant has completed only four of those sections with any written or typed information specific to him and his case. Most significantly, the defendant leaves uncompleted section nine which asks the movant to state the reasons for seeking relief under § 3582(c)(2). The body of section nine advocates generally that the Supreme Court's *Booker* decision results in a lowering of guideline ranges and so triggers the sentencing court's authority under § 3582(c)(2) also to lower the defendant's sentence accordingly. This is the only argument for relief found in the defendant's motion.

The Tenth Circuit has rejected this very argument as a ground for relief under § 3582(c). *United States v. Price*, 438 F.3d 1005 (10th Cir.), *cert. denied*, 547 U.S. 1185 (2006). The court explained that "even if *Booker* could be read to be an implicit lowering of [defendant's] sentencing range, § 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." *Price*, 438 F.3d at 1007. Thus, "*Booker* does not provide a basis for a sentence reduction under § 3582(c)[ (2) ]." *Id*.

The timing of the defendant's motion suggests he may be seeking relief under § 3582(c) pursuant to the recent cocaine base amendments to U.S.S.G. § 2D1.1 that were made retroactive pursuant to U.S.S.G. § 1B1.10. Because § 3582(c) permits a court to consider such relief on its own motion, the court will construe the defendant's motion as seeking relief on this basis and decide it accordingly.

In November of 1991, the defendant was tried and convicted of possession with intent to distribute cocaine base. On March 6, 1992, the court sentenced the defendant to a primary term of incarceration of 240 months. The defendant received the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), as his offense of conviction involved more than

50 grams of cocaine base (more than 100 grams here) and he had a prior felony drug conviction.

The recent amendment to the Sentencing Guidelines that took effect November 1, 2007, and was made retroactive taking effect on March 3, 2008, generally adjusts downward by two levels the base offense level assigned to quantities of cocaine base listed in the Drug Quantity Table of § 2D1.1(c).  "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sentencing Commission's policy statement at U.S.S.G. § 1B1.10, states that a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if----. . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  As explained in application note one to U.S.S.G. § 1B1.10, "the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)" may prevent an amendment from lowering the applicable guideline range.   This is the case here.  The recent

amendment would not lower the defendant's guideline range below 240 months because of U.S.S.G. § 5G1.1(b) which provides that, "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  The defendant is not eligible for relief under § 3582(c) for any changes resulting from *Booker* or for the recent retroactive guideline amendments to the base offense levels for cocaine base.

  IT IS THEREFORE ORDERED that the defendant Kevin Lewis's pro se motion to reduce his sentence in accordance with 18 U.S.C. § 3582(c)(2) (Dk. 140) is denied.

  Dated this 26th day of March, 2008, Topeka, Kansas.

    s/ Sam A. Crow
    Sam A. Crow, U.S. District Senior Judge